IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

LEO ROGERS LOWE                                                                         PLAINTIFF
ADC #85351

V.                                    NO.  1:07cv00012 WRW-JWC

TROY CAMPBELL, et al                                                                   DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**Instructions**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **Recommended Disposition**

On March 21, 2007, Plaintiff, a pro se inmate currently confined to the North Central Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1). Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted (docket entry #3).

### **I. Background**

According to Plaintiff's complaint, on January 30, 2007, he contacted Defendant Campbell to complain about another inmate, Defendant Coleman, who allegedly had "smacked" Plaintiff in the mouth. Defendant Campbell called Defendant Miller, who sided with inmate/Defendant Coleman and accused Plaintiff of lying. Defendant Miller placed Plaintiff in hand restraints, escorted him to isolation, and had him placed on investigation. Inmate/Defendant Coleman was not placed in isolation or on investigation. Plaintiff further alleges that Defendant Drinkard (the C-shift supervisor) and Defendant Miller asked him

2

if he was "trying to catch P.C. (protective custody)." Plaintiff replied that he would be leaving the North Central Unit for "I.F.I." at the Tucker Unit in a week or two and had no reason to instigate anything that would prevent him from going home. Nevertheless, his class and good time were revoked. As relief, Plaintiff requests that his class and good-time credit be restored, for a transfer, and mandatory retirement for the officers involved.

After granting Plaintiff in forma pauperis status (docket entry #3), he was notified that should his case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief, there would be no provision for a refund of any portion of his filing fee. Id. § 1915A.

**II. Standard**

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. Id. § 1915A(a). A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b). Moreover, this Court may sua sponte dismiss a complaint filed in forma pauperis at any time if it determines that the action fails to state a claim upon which relief can be granted. Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73

3

(1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21.

### III. Analysis

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court delineated what constitutes a habeas action as opposed to a § 1983 claim. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. Id. at 484. The label a prisoner gives to his suit is not controlling. Id. at 489-90. Therefore, if Plaintiff is in effect challenging the length of his incarceration, then his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to § 1983. Id. at 499. State prisoners are required to exhaust their available state court remedies before bringing federal habeas corpus claims. 28 U.S.C. § 2254(b) & (c). A claim is considered exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

The essence of Plaintiff's complaint is an attack on the validity of his placement in isolation and on investigation (pursuant to a disciplinary), i.e., that his class and good time were wrongfully revoked based on Defendant Miller's belief that inmate/Defendant Coleman could not be at fault. The fact that he has labeled this a § 1983 action is not controlling. The type of claim Plaintiff has raised, if proven, would necessarily invalidate the disciplinary result and would affect the term of his sentence (through the restoration of good-time credit revoked); therefore, to the extent Plaintiff challenges the specific length

4

of his incarceration, his claims are not cognizable here. Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (court must look to substance of relief sought to determine if action is § 1983 suit or habeas corpus action; prisoner's labeling of suit is not controlling); Wilson v. Lockhart, 949 F.2d 1051, 1051-52 (8th Cir. 1991) (challenge which would result, if successful, only in earlier eligibility for parole and not necessarily earlier release, should nonetheless be brought as habeas petition). Furthermore, the Court should decline to consider this case on the merits as a § 2254 habeas petition because it is apparent from the face of the complaint that Plaintiff has not claimed--much less proven--that he has exhausted his available state court remedies; therefore, dismissal without prejudice is appropriate. 28 U.S.C. § 2254(b)(1)(A) (court shall not grant writ of habeas corpus unless applicant has exhausted remedies available in state court system); Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998) (§ 2254 petitioner has burden to show all available state remedies have been exhausted or that exceptional circumstances exist).[1]

In addition to the above, the Court notes that transfers are within the discretion of prison officials and a prisoner generally enjoys no constitutional right to placement at a particular institution. Rouse v. Benson, 193 F.3d 936, 940 (8th Cir. 1999). Cases in this circuit and in the United States Supreme Court have long reflected the public policy of judicial restraint in the area of prison administration and of deference to administrative decisions of prison officials, such as the placement of a particular inmate. Last, the courts are without power to enforce Plaintiff's request for mandatory retirement of the officers allegedly involved.

---

[1] As a side note the Court observes that Plaintiff has not exhausted his prison administrative remedies.

## IV. Conclusion

This case should be DISMISSED WITHOUT PREJUDICE for FAILURE TO STATE A CLAIM and all pending motions should be DENIED AS MOOT. Plaintiff is in effect challenging the length of his incarceration; therefore, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to § 1983.

The Court should CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from any order adopting this recommendation, and any judgment entered thereunder, WOULD NOT BE TAKEN IN GOOD FAITH.

DATED this 4th day of April, 2007.

_____
UNITED STATES MAGISTRATE JUDGE